772 F.2d 909
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
LEROY SULLIVAN, DEFENDANT-APPELLANT.
 NO. 84-3825
 United States Court of Appeals, Sixth Circuit.
 8/7/85
 
 N.D.Ohio
 AFFIRMED
 NO APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: KEITH and MERRITT, Circuit Judges; and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this case, LeRoy Sullivan, defendant, appeals his conviction by a jury of violating 21 U.S.C. Sec. 841(a)(1), possession with intent to distribute a controlled substance. We affirm the conviction.
 
 I.
 
 2
 The critical evidence in this case consists of two cassette tape recordings of telephone conversations and two video tape meetings between defendant and government witness, Clarence Greathouse.
 
 
 3
 The first meeting between defendant and Greathouse occurred at a motel on May 24, 1984. The record shows that at this meeting defendant and Greathouse discussed past drug transactions as well as the possibility of a present cocaine sale. Defendant returned the next evening and purchased cocaine, supplied by the government, from Greathouse. Upon leaving the motel, defendant was arrested by the FBI.
 
 
 4
 Greathouse negotiated a plea bargain with the government in order to get a reduced sentence of ten years for offenses of which Greathouse was convicted. The agreement required Greathouse to contact various acquaintances and sell them cocaine. At this time Greathouse had not yet been sentenced.
 
 
 5
 The two key government witnesses were Greathouse and FBI agent Hardrick Crawford. Defendant testified in his own behalf.
 
 II.
 
 6
 Defendant raises several issues on appeal. First, defendant argues that it was improper to admit testimony of defendant's past acts of misconduct during the direct examination of the government's first witness, Clarence Greathouse. The general rule concerning the introduction of prior acts of misconduct is that such acts are inadmissible as evidence of character in order to show that defendant committed the crime for which he is charged. Fed. R. Evid. 404(b). However, this rule permits the introduction of evidence of prior acts of misconduct to prove intent. Id. The use of an exception to the rule disallowing such evidence is 'justified by a legitimate need for the evidence that outweighs the perils of undue prejudice of the accused.' United States v. Ring, 513 F.2d 1001, 1004 (6th Cir. 1975). Nevertheless, in order to shield the accused of unnecessary prejudice . . . 'the trial court must issue limiting instructions cautioning the jury not to consider the evidence for improper purposes.' Id.
 
 
 7
 There are four additional conditions for using prior acts of misconduct in order to establish intent. First, 'there must be a substantial similarity between the offense charged in the indictment and the prior misconduct.' Id. at 1005. Second, in order to show a consistent pattern or similarity to the charged offense, the prior misconduct must be reasonably near in time to the charged offense. Id. Third, the matter (intent) for which the evidence is offered must be "in issue" in the case. Id. Lastly, the trial court may exclude evidence of defendant's prior acts of misconduct if its prejudicial impact outweights its probative value. Id.
 
 
 8
 In the instant case, these conditions have been met. The trial court issued a limiting instruction cautioning the jury regarding the purposes for which the evidence may be considered. (JA. at 8-9.) Further, the record shows that defendant and Greathouse engaged in transaction periodically from 1981 through at least December 1983. Therefore, the prior acts are close enough in time to the offense charged. Moreover, the issue of intent is an essential element of the crime of possessing cocaine with the intent to distribute. Thus, the issue of intent was an issue at the trial. Evidence of prior similar acts may be used to show that the intent was similar in all cases. United States v. Ricardo, 619 F. 2d 1129, 1131 (5th Cir. 1980). Finally, the evidence of defendant's past dealings with Greathouse had great probative value outweighing any possible prejudicial impact.
 
 
 9
 Defendant's second argument is that the government may not introduce evidence of prior acts of misconduct merely because it anticipates an entrapment defense. Defendant contends that he must first introduce evidence of entrapment before the government can raise the issue. Defendant's argument is unpersuasive. Defendant's opening remarks clearly raised the entrapment issue by stating that 'but for the government, there would be no particular case involved at all . . . Had it not been for all the prearrangements from the government, there would be no cocaine . . . no prosecution, and we wouldn't be here today.' (JA. at 9-10.) When a defendant raises the issue of entrapment in its opening remarks, the government is permitted to respond in the direct examination of its first witness. United States v. LaSuita, 752 F.2d 249, 254 (6th Cir. 1985); United States v. Boudalato, 710 F.2d 1509, 1512 (6th Cir. 1983). Hence, the District Court did not abuse its discretion in admitting Greathouse's testimony about his prior relationship with defendant.
 
 
 10
 Defendant also contenss that he was entrapped by the government. Defendant's arguments here must be rejected. The record clearly shows that defendant was predisposed to purchase and sell cocaine prior to Greathouse proposing the present transaction. Similarly, the cases defendant relies upon to show the government's over-involvement are cases involving much greater involvement on the part of the government than in the instant case. In United States v. Twigg, 588 F.2d 373, 379, for example, a government informant, as part of a plea bargain, helped defendant set up a laboratory manufacturing methamphetamine by supplying the chemicals, glassware and renting a farmhouse. In the instant case, the government involvement nowhere reaches the level of activity that so offends fundamental fairness as to justify judicial intervention. See United States v. Leja, 563 F.2d 244, 246 (6th Cir. 1977).
 
 
 11
 Defendant raises several other issues which are without merit. The record in this case demonstrates clearly that there was abundant evidence on which to base defendant's conviction. The record shows that defendant purchased the cocaine from Greathouse and intended to sell it. If there were any errors, they were harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18 (1967).
 
 
 12
 Accordingly, the conviction is affirmed.